IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-00810-F

| | | |
|---|---|---|
| ROSSEL O. ALFARO ZELAYA, EDWARD HERNANDEZ, and SALVADOR MONTOYA, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | O R D E R |
| A+ TIRES, BRAKES, LUBES, and MUFFLERS, INC., FLORES WELDING, INC., JULIO FLORES, and MARIELLE BELHASSEN, Defendants. | ) ) ) ) ) ) | |

This matter is before the court on Plaintiffs' Motion to Seal [DE-137]. In their motion, Plaintiffs move to seal Exhibits A-E and K-O to their Motion for Partial Summary Judgment on Liability. Pl.'s Mem. [DE-137-1] at 1. For the reasons addressed below, Plaintiffs' Motion to Seal is ALLOWED.

### I. LEGAL STANDARD

A court must follow certain procedural requirements before sealing a motion. Initially, the court must give the public adequate notice of and an opportunity to object to the proposed sealing. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). If the court decides to seal a document, it must state its reasons supported by specific factual findings, as well as its reasons for rejecting alternatives to sealing. *Id.* at 254.

A court's decision on a motion to seal is guided by its determination of the source of the public's right to access the proposed sealed document: the common law or the First Amendment.

*Owino v. IBM Corp.*, No. 1:12CV1041, 2013 WL 2947146, at *1 (M.D.N.C. June 14, 2013). While there is a common law presumption in favor of access that attaches to all judicial records and documents, the First Amendment guarantee of access has been extended only to particular judicial records and documents. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (1988). The presumption of access may be overcome, under the common law, "if competing interests outweigh the interest in access." *Id.* Under the First Amendment, on the other hand, "access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* (citing *Rushford*, 846 F.2d at 253).

In order for a right of access to exist under either standard, the document must first qualify as a "judicial record." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). A "judicial record" is defined as a document that "play[s] a role in the adjudicative process, or adjudicate[s] substantive rights." *Id.*; *see also In re Policy Mgmt. Sys. Corp.*, Nos. 94-2254, 94-2341, 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995) ("[A] document becomes a judicial document when a court uses it in determining litigants' substantive rights."). Thus, a document "filed with the objective of obtaining judicial action or relief" is a judicial document, subject to, at a minimum, the common law presumption of access. *In re U.S.*, 707 F.3d 283 at 291.

## II. DISCUSSION

Plaintiffs have submitted each of the proposed sealed exhibits to facilitate the court's adjudication of its Motion for Partial Summary Judgment on Liability. Thus, each of the exhibits is a judicial document that is subject to at least the common law presumption of access.

2

Plaintiffs contend that the exhibits contain information that Defendants have identified as competitively sensitive and relating to their commercial operations. Pl.'s Mem. Supp. [DE-137-1] at 3. Generally speaking, the need to keep proprietary business information confidential is often a sufficiently compelling justification for sealing judicial documents. *See Morris v. Cumberland Cty. Hosp. Sys., Inc.*, No. 5:12-CV-629-F, 2013 WL 6116861, at *3 (E.D.N.C. Nov. 13, 2013) (observing that "the need to keep confidential proprietary business information or trade secrets may constitute a 'higher value' that can overcome both the common law and the First Amendment rights of access in appropriate circumstances"). Moreover, the court has determined that the exhibits contain so much confidential information they cannot be meaningfully redacted. For these reasons, the court agrees that sealing the documents is appropriate.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs Motion to Seal [DE-137] is ALLOWED. The Clerk of Court is DIRECTED to maintain under seal the documents filed at Docket Entry 136.

SO ORDERED.

This, the __1__ day of December, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge