IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-00810-F

| | |
|---|---|
| ROSSEL O. ALFARO ZELAYA, EDWARD HERNANDEZ, and SALVADOR MONTOYA, Plaintiffs, v. A+ TIRES, BRAKES, LUBES, and MUFFLERS, INC., FLORES WELDING, INC., JULIO FLORES, and MARIELLE BELHASSEN, Defendants. | **ORDER** |

This matter is before the court on Defendants' Objection and Motion to Strike Plaintiffs' Second Motion for Partial Summary Judgment [DE-144]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, Defendants' motion is ALLOWED.

## Background

Pursuant to the October 3, 2016 Amended Scheduling Order [DE-127], all potentially dispositive motions were due by December 9, 2016. *Id.* at 1. On November 16, 2016, Plaintiffs filed their Motion for Partial Summary Judgment on Liability [133], which was accompanied by a twenty-nine page Memorandum of Law in Support [DE-135]. Then, on December 2, 2016, Plaintiffs filed a second summary judgment motion, their Motion for Partial Summary Judgment on Good Faith and Willfulness [DE-141]. This motion was accompanied by a seventeen-page Memorandum of Law in Support [DE-143].

On December 2, 2016, Defendants filed the instant Objection and Motion to Strike Plaintiffs' Second Motion for Partial Summary Judgment [DE-144]. Plaintiffs filed a Response in Opposition [DE-149], to which Defendants filed a Reply [DE-150].

## **Discussion**

Defendants argue that Plaintiffs filed their two summary judgment motions separately to avoid the limitations imposed by Local Civil Rule 7.2(f), or to force Defendants to respond unnecessarily to two sets of statements of fact and two memoranda. Defs.' Mot. [DE-144] at 2. Defendants contend that in either case, Plaintiffs' conduct should not be condoned by this court, especially when they could have sought leave to file excess pages. *Id.* at 2-3. Defendants request that this court strike and refuse to consider Plaintiffs' Motion for Partial Summary Judgment on Good Faith and Willfulness. *Id.* at 3. In the alternative, Defendants ask that this court treat the two summary judgment motions and memoranda as one, retroactively allow Plaintiffs leave to file excess pages, and allow Defendants to have twenty-one days to respond, with a similar page limitation of forty-six pages. *Id.*

Local Civil Rule 7.2(f) provides as follows: "Memoranda in support of or in opposition to a motion (other than a discovery motion) shall not exceed 30 pages in length excluding the certificate of service pages, without prior court approval."

Here, Plaintiffs circumvented Local Civil Rule 7.2(f) by filing two separate motions for summary judgment. Plaintiffs should have filed one motion for summary judgment and a motion seeking court approval to file a memorandum in support that exceeded the thirty-page limit. Plaintiffs have offered no rationale for their actions, and the court sees none. This type of legal maneuvering will not be condoned.

2

## Conclusion

For the foregoing reasons, Defendants' Objection and Motion to Strike Plaintiffs' Second Motion for Partial Summary Judgment [DE-144] is ALLOWED. This court will treat Plaintiffs two summary judgment motions [DE-133, -141] and memoranda [DE-135, -143] as one, retroactively allow Plaintiffs' request for leave to file excess pages for their memorandum in support, and give Defendants twenty-one (21) days from today's date to respond to both motions, with a similar page limitation of forty-six (46) pages.

SO ORDERED.

This, the __2__ day of February, 2017.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge