IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-00810-D

| | |
|---|---|
| ROSSEL O. ALFARO ZELAYA, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) **DEFENDANTS' MOTION FOR** |
| | ) **RECONSIDERATION OR** |
| v. | ) **CLARIFICATION AND** |
| | ) **MEMORANDUM OF LAW IN** |
| A+ TIRES, BRAKES, LUBES, AND | ) **SUPPORT THEREOF** |
| MUFFLERS, INC., *et al.*, | ) |
| | ) |
| *Defendants* | ) |
| | ) |

Defendants A+ Tires, Brakes, Lubes, and Mufflers, Inc., Flores Welding, Inc., Julio Flores, and Marielle Belhassen (collectively "Defendants"), pursuant to Rules 59(e) and 60(a) of the Federal Rules of Civil Procedure, respectfully move the court for reconsideration or clarification of the portion of its Order dated September 28, 2017 [DE-174] ("Order") relating to liability under the Fair Labor Standards Act ("FLSA") and in support thereof show the Court the following:

1. Under Rule 60(a), the court may "correct a clerical mistake arising from oversight or omission whenever one is found in a judgment, order or other part of the record. Rule 60(a) applies when the court intended one thing but by merely clerical mistake or oversight did another." *Dalenko v. Stephens*, 2017 U.S. Dist. LEXIS 152819 (N.C.E.D. Sep. 20, 2017) (quotation and citations omitted).

2. Under Rule 59(e), the court may amend an earlier order or judgment in three situations: "(1) to accommodate an intervening change in controlling law; (2) to

account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). While "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly," *id.*, Defendants believe it may be appropriate in this case based on the following language of the Order.

    3.    In the Order, the Court:

> [g]rant[ed] plaintiffs' motion for summary judgment as to liability on Montoya's FLSA claims stemming from defendants' failure to pay him for the time he spent loading and unloading trucks . . . . [A]t least in some workweeks, Montoya would load and unload trucks and was not paid for that time or intervening travel time. . . . Montoya is entitled to be paid for that work. *To the extent* the hours spent loading or unloading truck made Montoya work in excess of 40 hours . . . in a given workweek, Montoya is entitled to overtime pay. Although *the parties dispute how many hours Montoya worked in a given workweek*, that question is properly addressed at the damages stage.

Order at 15-16 (emphasis added).

    4.    Defendants respectfully submit that a dispute with regard to the number of hours worked in a given workweek and the lack of a finding that Montoya *proved* that he definitively worked uncompensated hours in a workweek in which he worked more than 40 hours (whether paid or unpaid) preclude a current finding of liability under the FLSA.

    5.    The Fourth Circuit is clear that the FLSA is the "minimum wage/maximum hour law." *Monahan v. Chesterfield County*, 95 F.3d 1263, 1266 (4th Cir. 1996) (citation omitted). Continuing, the Fourth Circuit held "that there is no cause of action under the FLSA for pure gap time when there is no evidence of a minimum wage

2

or maximum hour violation by the employer." *Id.* at 1280; *see also Settle v. Examination Mgmt. Servs.*, 2015 U.S. Dist. LEXIS 145013 at *6 (E.D.N.C. Oct. 26, 2015) (noting that the FLSA provides cause of action for failure to pay minimum wage or overtime, but not for claims of a failure to pay a promised wage that do not implicate those provisions).

6. To be clear, Defendants are not asking the Court to reconsider its finding that Montoya worked some hours for which he was not paid, which *could* give rise to liability under the FLSA. Rather, Defendants submit that the mere existence of such work cannot by itself support such a finding; Montoya must additionally prove that those unpaid hours occurred in a workweek in which he worked (paid or unpaid) in excess of 40 hours (as there is not now, and never has been, an allegation that Defendants violated the minimum wage requirements of the FLSA). To the extent that a jury determines that Montoya's uncompensated hours in a given week (if any) did not cause him to exceed 40 hours in that week, the FLSA does not provide for liability for such "gap time" hours.

7. For example, if a jury determines that Montoya worked one to four unpaid hours in a workweek in which he was otherwise properly compensated for 35 hours worked, there would be no liability under the FLSA, as Montoya would not have been entitled to overtime for those hours.

8. To the extent that the intent of the Order was to find only that there were some hours for which Montoya was not paid, Defendants request clarification to that effect pursuant to Rule 60(a).

3

9. However, to the extent that the Court determined that Defendants are actually liable under the FLSA, Defendants request reconsideration of the Order in light of the controlling precedent that straight "gap time" claims are not cognizable under the FLSA – Montoya must still prove to a jury that he actually worked in excess of forty hours in a given workweek and was not properly compensated for those overtime hours for Defendants to be liable under the FLSA.

Wherefore, Defendants respectfully request that this Court grant Defendants' motion for reconsideration or clarification and to any further relief, both at law and in equity, to which they may show themselves to be justly entitled.

Respectfully submitted, this the 26th day of October, 2017.

*/s/ Joseph A. Davies*
Joseph A. Davies, NCSB# 36348
James R. Vann, NCSB # 18740
**VANN ATTORNEYS, PLLC**
1721 Hillsborough St., Suite 200
Raleigh, NC 27605
Telephone:   (919) 510-8585
Facsimile:   (919) 510-8570
Email:
jdavies@vannattorneys.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was delivered via the CM/ECF system on the following:

| | |
|---|---|
| Gilda A. Hernandez, Esq. | J. Derek Braziel, Esq. |
| Michael B. Cohen, Esq. | Lee & Braziel, LLP |
| The Law Offices of | 1801 N. Lamar St. Suite 325 |
| Gilda A. Hernandez, PLLC | Dallas, TX 75202 |
| 1020 Southhill Drive, Suite 130 | jdbraziel@l-b-law.com |
| Cary, NC 27513 | Counsel for Plaintiff |
| ghernandez@gildahernandezlaw.com | |
| mcohen@gildahernandezlaw.com | |
| Counsel for Plaintiff | |

This the 26th day of October, 2017.

VANN ATTORNEYS, PLLC

*/s/Joseph A .Davies*
Joseph A. Davies
N.C. State Bar No. 36348
Email: jdavies@vannattorneys.com
1720 Hillsborough Street, Suite 200
Raleigh, NC 27605
Telephone: (919) 510-8585
Facsimile: (919) 510-8570