IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-810-D

ROSSEL SANDOVAL-ZELAYA, )
SALVADOR MONTOYA, and )
EDWARD HERNANDEZ, on behalf of )
themselves and all others similarly situated, )
)
                Plaintiffs, )
)
v. )     **ORDER**
)
A+ TIRES, BRAKES, LUBES, AND )
MUFFLERS, INC., FLORES WELDING, )
INC., JULIO FLORES, and MARIELLE )
BELHASSEN, )
)
                Defendants. )

On October 26, 2017, A+ Tires, Brakes, Lubes, and Mufflers, Inc., Flores Welding, Inc., Julio Flores, and Marielle Belhassen (collectively, "defendants") moved for reconsideration of this court's order of September 28, 2017 [D.E. 178]. See Fed. R. Civ. P. 59(e), 60(a). On November 3, 2017, plaintiffs responded in opposition [D.E. 179]. On November 17, 2017, defendants replied [D.E. 181]. As explained below, the court denies defendants' motion for reconsideration.

Defendants seek "reconsideration or clarification" of the portion of this court's order of September 28, 2017, concerning liability under the Fair Labor Standards Act ("FLSA"). See [D.E. 178] 1. Specifically, defendants seek relief under either Rule 59(e) or Rule 60(a) and ask the court to reconsider or clarify the court's holding concerning FLSA liability for hours that Salvador Montoya worked. See id. at 1–2.

Plaintiffs oppose defendants' motion. See [D.E. 179] 6. Plaintiffs note that this court did

not rule on how often Montoya worked uncompensated hours. Id. Rather, the court merely held that when Montoya did work such uncompensated hours, defendants are liable under the FLSA. See id. Plaintiffs also note that Rules 59(e) and 60(a) are not proper procedural vehicles to pursue relief from the court's interlocutory order. Id. at 3; see Dilly v. S.S. Kresge, 606 F.2d 62, 62–63 (4th Cir. 1979).

Defendants concede that they should have sought relief concerning this court's order of September 28, 2017, under Federal Rule of Civil Procedure 54(b), and not Rule 59(e) or Rule 60(a). See [D.E. 181] 2. Nonetheless, defendants argue that this court should reconsider or clarify its order concerning FLSA liability and Montoya. See id. at 4–5.

In this court's order of September 28, 2017, the court rejected defendants' argument that "time spent loading trucks at defendants' shop before driving to the jobsite, or unloading the trucks after returning in the evening, is preliminary or postliminary to principal activities under the Portal-to-Portal Act." [D.E. 174] 14. Thus, such work is compensable under the FLSA. Id. at 14–15.

As for Montoya, the court wrote:

> Having determined that loading and unloading trucks was not exempt under the Portal-to-Portal Act, the court grants plaintiffs' motion for summary judgment as to liability on Montoya's FLSA claims stemming from defendants' failure to pay him for the time he spent loading and unloading trucks, but denies summary judgment as to Hernandez's FLSA claim. The record shows that, at least in some workweeks, Montoya would load and unload trucks and was not paid for that time or intervening travel time. On each day Montoya worked loading and unloading the trucks, his workday began when he first started loading the truck and ended when he finished unloading the truck. Montoya is entitled to be paid for that work. To the extent the hours spent loading or unloading trucks made Montoya work in excess of 40 hours worked per week in a given workweek, Montoya is entitled to overtime pay. Although the parties dispute how many hours Montoya worked in a given workweek, that question is properly addressed at the damages stage.

2

Id. at 15–16. The court concludes that this portion of its order does not require reconsideration or clarification.

In sum, the court DENIES defendants' motion [D.E. 178].

SO ORDERED. This _4_ day of December 2017.

*[signature]*
JAMES C. DEVER III
Chief United States District Judge