IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-810-D

| | | |
|---|---|---|
| ROSSEL SANDOVAL-ZELAYA, SALVADOR MONTOYA, and EDWARD HERNANDEZ, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **ORDER** |
| A+ TIRES, BRAKES, LUBES, AND MUFFLERS, INC., FLORES WELDING, INC., JULIO FLORES, and MARIELLE BELHASSEN, | ) ) ) ) ) | |
| Defendants. | ) ) | |

On September 19, 2018, plaintiffs and defendants filed a Joint Motion for Approval of Settlement and the parties' fully executed Settlement Agreement. The parties asked the court to approve the Settlement Agreement and dismiss plaintiffs' claims against defendants with prejudice. See [D.E. 190].

1. The court hereby GRANTS the Joint Motion for Approval of Settlement and approves the settlement as set forth in the Settlement Agreement. The court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate to all plaintiffs, and directs consummation of its terms and provisions.

2. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve actual disputes. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982). Typically, the adversarial nature of a litigated FLSA case adequately indicates the fairness of the settlement. Id. at 1353–55. If the proposed settlement reflects a reasonable compromise over contested issues, a court should approve the settlement. Id. at 1354–55.

3. The court finds that the settlement followed extensive investigation and negotiation and was the result of a formal court-hosted settlement conference involving vigorous settlement discussions and the assistance of United States Magistrate Judge Gates. During the entire process, counsel experienced in wage and hour law represented plaintiffs and defendants. Accordingly, the Settlement Agreement resolves a clear and actual dispute, and the Settlement Agreement it is fair and reasonable.

4. The court finds the relief to the plaintiffs as described in the Settlement Agreement as the "Gross Settlement Amount," and pro rated as provided therein, and the distribution of payments either handled by plaintiffs' counsel or a Settlement Administrator, is fair, reasonable, and adequate, and resolves the allegations in the litigation. The court gives final approval to and orders that those payments be made in accordance with the Settlement Agreement.

The Settlement Agreement includes an agreement on payment of fees, expenses, and costs to be paid to plaintiffs' counsel. "In FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011); see City of Riverside v. Rivera, 477 U.S. 561, 576 (1986); Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 10–11 (S.D.N.Y. 2015); Almendarez v. J.T.T. Enters. Corp., No. JKS 06-68, 2010 WL 3385362, at *3–7 (D. Md. Aug. 25, 2010) (unpublished). The appropriate inquiry is whether the requested attorneys' fees are "reasonable." See Fox v. Vice, 563 U.S. 826, 838 (2011); McAfee v. Boczar, 738 F.3d 81, 88–95 (4th Cir. 2013); Grissom v. The Mills Corp., 549 F.3d 313, 320–24 (4th Cir. 2008). Moreover, courts can award reasonable attorneys' fees that exceed plaintiffs' damages. See, e.g., Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 328 n.20 (4th Cir. 2006) (collecting cases);

Butler v. Directsat USA, LLC, No. DKC 10-2747, 2016 WL 1077158, at *4–8 (D. Md. Mar. 18, 2016) (unpublished).

5. Plaintiffs' attorneys' fees and expenses in the total amount of $150,000.00 shall be paid from the Gross Settlement Amount in full compromise and satisfaction of all attorneys' fees and expenses incurred by plaintiffs' attorneys in accordance with the Settlement Agreement and as against defendants. Given the totality of the circumstances, the entire record, and that the settlement reflects a substantial compromise between the parties' respective positions, the court finds the award of fees, expenses, and costs to be reasonable. Accordingly, the court awards $150,000.00 in fees and expenses for plaintiffs' counsel.

6. Should plaintiffs' counsel determine that it is feasible to retain a claims administrator or handle the distribution of payments internally, the court approves such duties, including: (i) establishing and/or maintaining a Qualified Settlement Fund ("QSF") or Trust Account for defendants' settlement payments; (ii) mailing settlement checks to plaintiffs as reflected on the Settlement Agreement; (iii) handling stop payment/reissue check requests; (iv) following up on undeliverable settlement checks; (v) escheating non-negotiated checks to the appropriate state agency, to the extent required by applicable law; (vi) calculating and transmitting payment of defendants' portion of taxes on settlement payments, including but not limited to all FICA and FUTA taxes on settlement payments; (vii) performing all tax reporting duties and filings required by federal, state, or local law; and (viii) transmitting payment of plaintiffs' attorneys' fees and expenses to plaintiffs' counsel.

7. Should plaintiffs' counsel retain a claims administrator, counsel will provide the claims administrator with a spreadsheet containing the name, address, and settlement payment amount for each plaintiff.

8. The Settlement Administrator shall issue each plaintiff his Settlement Share and Service Award,[1] as defined in the Settlement Agreement, separated into two equal amounts: 50 percent shall be allocated to the claims asserted in the litigation for allegedly unpaid overtime and other claims for unpaid wages; and 50 percent shall be allocated to the claims asserted in the litigation for liquidated damages and other relief. The portion of each Settlement Payment allocated to claims of unpaid overtime and other wages will be subject to authorized or required deductions, including employee-paid payroll tax withholdings required by law, garnishments, and tax liens. However, defendants will remain responsible for paying the employer's share of all required payroll taxes, and the amount of such taxes is not in eluded in the Gross Settlement Amount. The portion of each Settlement Payment allocated to liquidated damages and other relief shall be characterized as non-wage income to the recipient.

9. The claims administrator or plaintiffs' counsel will report the portion of the Settlement Payment made to each plaintiff attributable to wages on an I.R.S. Form W-2 and the portion of the Settlement Payment attributable to non-wages on an I.R.S. Form 1099. The same shall be responsible for issuing a settlement check, less required withholdings and deductions, to each plaintiff and mailing a settlement check, Form W-2s, and Form 1099s to each such plaintiff.

10. The court HEREBY DISMISSES all claims of plaintiffs who signed and filed consent to sue forms with this court, as they relate to defendants only, based on or arising out of any acts, facts, transactions, occurrences, representations, or omissions alleged in the Complaint in this matter on the merits and with prejudice and without costs to any of the parties as against any other settling party, except as provided in the parties' Settlement Agreement.

---

[1] The Service Award will not be subject to tax deductions.

As of the date of this Order, each and every plaintiff HEREBY FOREVER completely settles, compromises, releases, and discharges defendants from any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any plaintiff has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, that are based upon, relate to, or arise out of or reasonably could have arisen out of the facts, acts, transactions, occurrences, events, or omissions alleged in the litigation or by reason of the negotiations leading to the parties' Settlement Agreement, even if presently unknown and/or un-asserted. As further explained by the parties' Settlement Agreement, the claims released by each and every plaintiff include, without limitation, any claims they may have arising from or relating to their employment or engagement or separation from employment with or engagement by defendants. "The claims released herein specifically include, but are not limited to, claims for unpaid wages, unpaid overtime, unpaid minimum wages, liquidated damages, interest, attorneys' fees or costs, under any common law theory, the FLSA, the NCWHA, or any other federal, state or local law or regulation regarding payment of wages. The release in this subsection does not apply to claims for enforcement of this Agreement." [D.E. 191-1] 17–18.

11. All plaintiffs are HEREBY BARRED AND PERMANENTLY ENJOINED from prosecuting, commencing, or continuing any claims, causes of action, damages, liabilities of any kind, nature and character whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, that may exist or heretofore existed, against defendants arising out of, related to, connected with, or based in whole or in part to any facts, transactions, occurrences, representations, or omissions alleged in the Complaint in this matter.

5

12. The court RETAINS jurisdiction over these actions and the parties to administer, supervise, interpret, and enforce the Settlement Agreement and this Order.

SO ORDERED. This _20_ day of September 2018.

JAMES C. DEVER III
Chief United States District Judge